UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GERARDO OROZCO, LUIS GARCIA a/k/a
RUDY VELEZ, and MANUEL ANTONIO
MARQUEZ CRUZ,

DOCKET NO. 14-cv-00664
(LDW)(WDW)

                                    Plaintiffs,          **AMENDED COMPLAINT**

                    -against-

ANDEL'S DELICATESSEN AND APPETIZING,          **JURY TRIAL DEMANDED**
INC., RANDY GESCHWIND, and JONATHAN
GESCHWIND,

                                    Defendants.
-------------------------------------------------------------------X

Plaintiffs GERARDO OROZCO, LUIS GARCIA a/k/a RUDY VELEZ, and MANUEL
ANTONIO MARQUEZ CRUZ, by and through their attorneys, THE SCHER LAW FIRM, LLP
on behalf of themselves, upon personal knowledge as to themselves, and upon information and
belief to all other matters, as follows:

## I.     PARTIES

1.     The Plaintiff GERARDO OROZCO ("Plaintiff Orozco") resides in and is a
domiciliary of the County Nassau, State of New York.

2.     At all times relevant, the Plaintiff LUIS GARCIA a/k/a RUDY VELEZ ("Plaintiff
Velez") was a resident of and a domiciliary of the County of Nassau, State of New York.

3.     The Plaintiff MANUEL ANTONIO MARQUEZ CRUZ ("Plaintiff Cruz") resides
in and is a domiciliary of the County of Nassau, State of New York.

4.     Plaintiff Orozco, Plaintiff Velez, and Plaintiff Cruz are collectively referred to as
"Plaintiffs."

5.     Upon information and belief, the Defendant ANDEL'S DELICATESSEN AND APPETIZING, INC. ("Andel's") was a New York State domestic business corporation with its principal office and place of business located at 350 Roslyn Road, Roslyn Heights, New York 11577.

6.     Upon information and belief, Andel's grossed more than $500,000.00 in each of the last six calendar years.

7.     At all relevant times, Andel's had been and continued to be an "employer" engaged in "interstate commerce" and/or in the "production of goods" for "commerce," within the meaning of 29 U.S.C. § 203.

8.     At all relevant times, Andel's had been, and was, an "employer" as defined by Section 3(D) of the Fair Labor Standards Action, 29 U.S.C. § 203(D) and by the N.Y. Labor Law § 190(3).

9.     At all relevant times, Andel's had employed "employee[s]", including the Plaintiffs.

10.     Upon information and belief, the Defendant RANDY GESCHWIND ("Defendant Randy") is a domiciliary and resides at 4 Fairbanks Court, Woodbury, Nassau County New York 11797.

11.     Upon information and belief and at all times mentioned Defendant Randy owned Andel's.

12.     Upon information and belief and at all times mentioned Defendant Randy operated Andel's.

13.     Upon information and belief and at all times mentioned the Defendant Randy was the President of Andel's.

14.    Upon information and belief and at all times mentioned the Defendant Randy was a shareholder of Andel's.

15.    Upon information and belief and at all times mentioned the Defendant Randy was a corporate officer of Andel's.

16.    Upon information and belief and at all times mentioned the Defendant Randy was the Chief Executive Officer of Andel's.

17.    Upon information and belief and at all times mentioned the Defendant Randy was an agent of Andel's.

18.    Upon information and belief and at all times mentioned the Defendant Randy had and exercised authority over personnel and payroll decisions for Andel's.

19.    Upon information and belief and at all times mentioned the Defendant Randy had and exercised authority to hire and fire employees of and/or for Andel's.

20.    At all relevant times, the Defendant Randy had been and continued to be an "employer" engaged in "interstate commerce" and/or in the "production of goods" for "commerce," within the meaning of 29 U.S.C. § 203.

21.    At all relevant times, the Defendant Randy had been, and was, an "employer" as defined by Section 3(D) of the Fair Labor Standards Action, 29 U.S.C. § 203(D) and by the N.Y. Labor Law § 190(3).

22.    At all relevant times, Defendant Randy had employed "employee[s]", including the Plaintiffs.

23.     Upon information and belief, the Defendant JONATHAN GESCHWIND ("Defendant Jonathan") is a domiciliary and resides at 4 Fairbanks Court, Woodbury, Nassau County New York 11797.

24.     Upon information and belief and at all times mentioned Defendant Jonathan owned Andel's.

25.     Upon information and belief and at all times mentioned Defendant Jonathan operated Andel's.

26.     Upon information and belief and at all times mentioned the Defendant Jonathan was the President of Andel's.

27.     Upon information and belief and at all times mentioned the Defendant Jonathan was a shareholder of Andel's.

28.     Upon information and belief and at all times mentioned the Defendant Jonathan was a corporate officer of Andel's.

29.     Upon information and belief and at all times mentioned the Defendant Jonathan was an agent of Andel's.

30.     Upon information and belief and at all times mentioned the Defendant Jonathan had and exercised authority over personnel and payroll decisions for Andel's.

31.     Upon information and belief and at all times mentioned the Defendant Jonathan had and exercised authority to hire and fire employees of and/or for Andel's.

32.     At all relevant times, the Defendant Jonathan had been and continued to be an "employer" engaged in "interstate commerce" and/or in the "production of goods" for "commerce," within the meaning of 29 U.S.C. § 203.

33.     At all relevant times, the Defendant Jonathan had been, and was, an "employer" as defined by Section 3(D) of the Fair Labor Standards Action, 29 U.S.C. § 203(D) and by the N.Y. Labor Law § 190(3).

34.     At all relevant times, Defendant Jonathan had employed "employee[s]", including the Plaintiffs.

## II.     JURISDICTION AND VENUE

35.     Jurisdiction of the Court over the Plaintiffs' Fair Labor Standards Act claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

36.     Jurisdiction of this Court over Plaintiffs' N.Y. Labor Law claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the N.Y. Labor Law claims are so related to Plaintiffs' Fair Labor Standards Act claims as they arise out of the same case and controversy under Article III of the United States Constitution.

37.     Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Andel's maintained its principal place of business in, did business in, and accordingly resided and was a domiciliary of, this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within this District.

## III.     FACTUAL ALLEGATIONS

### A.     Andel's, Defendant Randy, and Defendant Jonathan

38.     Andel's was a kosher appetizing and delicatessen.

39.     Andel's was a kosher caterer.

40.     Andel's closed on or about December 31, 2013.

41.     Andel's failed to keep accurate and sufficient time records as required by federal and State laws.

42.     Upon information and belief, Andel's violated N.Y. Labor Law § 195(3) and supporting N.Y.S. Department of Labor regulations, including but not limited to 12 N.Y.C.R.R. § 137-2.2, by failing to furnish the Plaintiffs with a statement with every payment of wages, listing hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

43.     Upon information and belief, Andel's violated N.Y. Labor Law § 195(4) by failing to establish, maintain and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

44.     Upon information and belief, at all relevant times, Andel's failed to post and/or keep posted a notice explaining the minimum wages and overtime pay rights provided by the Fair Labor Standards Act, in violation of 29 C.F.R. § 516.4.

45.     As a result of Andel's failure to record, credit, and/or compensate the Plaintiffs for the full amount of the hours they worked for Andel's, Andel's has failed to make, keep preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46.     Upon information and belief, Andel's knew of, and/or showed reckless disregard for, the practices by which Andel's failed to pay overtime premiums for all hours worked in excess of 40 hours in a week and New York's spread of hours premium.

47.     Upon information and belief, Andel's knew that the nonpayment of overtime premiums and New York's spread of hours premium would economically injure the Plaintiffs and that it violated the Fair Labor Standards Act and the N.Y. Labor Law.

48.     Andel's committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs.

49.     The Defendant Randy failed to keep accurate and sufficient time records as required by federal and State laws.

50.     Upon information and belief, the Defendant Randy violated N.Y. Labor Law § 195(3) and supporting N.Y.S. Department of Labor regulations, including but not limited to 12 N.Y.C.R.R. § 137-2.2, by failing to furnish the Plaintiffs with a statement with every payment of wages, listing hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

51.     Upon information and belief, the Defendant Randy violated N.Y. Labor Law § 195(4) by failing to establish, maintain and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

52.     Upon information and belief, at all relevant times, the Defendant Randy failed to post and/or keep posted a notice explaining the minimum wages and overtime pay rights provided by the Fair Labor Standards Act, in violation of 29 C.F.R. § 516.4.

53.     As a result of the Defendant Randy's failure to record, credit, and/or compensate the Plaintiffs for the full amount of the hours they worked for the Defendant Randy, the Defendant Randy has failed to make, keep preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

54.     Upon information and belief, the Defendant Randy knew of, and/or showed reckless disregard for, the practices by which the Defendant Randy failed to pay overtime premiums for all hours worked in excess of 40 hours in a week and New York's spread of hours premium.

55.     Upon information and belief, the Defendant Randy knew that the nonpayment of overtime premiums and New York's spread of hours premium would economically injure the Plaintiffs and that it violated the Fair Labor Standards Act and the N.Y. Labor Law.

56.     The Defendant Randy committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs.

57.     The Defendant Randy failed to keep accurate and sufficient time records as required by federal and State laws.

58.     Upon information and belief, the Defendant Jonathan violated N.Y. Labor Law § 195(3) and supporting N.Y.S. Department of Labor regulations, including but not limited to 12 N.Y.C.R.R. § 137-2.2, by failing to furnish the Plaintiffs with a statement with every payment of wages, listing hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

59.     Upon information and belief, the Defendant Jonathan violated N.Y. Labor Law § 195(4) by failing to establish, maintain and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

60.     Upon information and belief, at all relevant times, the Defendant Jonathan failed to post and/or keep posted a notice explaining the minimum wages and overtime pay rights provided by the Fair Labor Standards Act, in violation of 29 C.F.R. § 516.4.

61.     As a result of the Defendant Jonathan's failure to record, credit, and/or compensate the Plaintiffs for the full amount of the hours they worked for the Defendant

Jonathan, the Defendant Jonathan has failed to make, keep preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

62.     Upon information and belief, the Defendant Jonathan knew of, and/or showed reckless disregard for, the practices by which the Defendant Jonathan failed to pay overtime premiums for all hours worked in excess of 40 hours in a week and New York's spread of hours premium.

63.     Upon information and belief, the Defendant Jonathan knew that the nonpayment of overtime premiums and New York's spread of hours premium would economically injure the Plaintiffs and that it violated the Fair Labor Standards Act and the N.Y. Labor Law.

64.     The Defendant Jonathan committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs.

**B.     Plaintiff Orozco**

65.     The Plaintiff Orozco was hired by Andel's in March 1998.

66.     The Plaintiff Orozco had been employed by Andel's for approximately fifteen years.

67.     The Plaintiff Orozco was Andel's counterman.

68.     The Plaintiff Orozco, while working as Andel's counterman, received orders from customers.

69.     The Plaintiff Orozco, using his own car, made deliveries of food to Andel's customers.

70.     From 1998 to October 2012, the Plaintiff Orozco worked from 7:30 a.m. to 6:30 p.m. six days per week.

71.     From November 2012 to May 2013, the Plaintiff Orozco worked from 7:30 a.m. to 6:30 p.m. five days per week.

72.     From May 2013 to December 2013, the Plaintiff Orozco worked from 7:30 a.m. to 6:30 p.m. six days per week, and until 5:30 p.m. on Sundays.

73.     From 1998 to December 31, 2013, the Plaintiff Orozco worked ten-and-a-half (10½ hours) per day for a total of sixty-three (63) hours a week.

74.     The Plaintiff Orozco received a half hour off for a meal period every day.

75.     The Plaintiff Orozco worked approximately forty-nine (49) weeks per year.

76.     From 1998 to 2003, the Plaintiff Orozco earned $800 per week.

77.     From 2003 to 2013, the Plaintiff Orozco earned $1,000 per week.

78.     From 1998 to December 31, 2013, the Plaintiff Orozco received $1,000.00 in wages on a weekly basis.

79.     For the week beginning December 1, 2013, the Plaintiff Orozco worked sixty-three hours, less three hours for lunch leaving sixty compensable hours of employment for Andel's.

80.     For the week beginning December 1, 2013 the Plaintiff Orozco was paid $225 by check and $750 in cash for a total of $975.00.

81.     Based upon sixty hours worked in the week beginning December 1, 2013, the Plaintiff Orozco was paid an hourly rate of $16.25.

82.     For the week beginning December 1, 2013, the Plaintiff Orozco's overtime rate was $24.38.

83.     For the week beginning December 1, 2013, the Plaintiff Orozco is still due and owing $162.60 (40 hours times $16.25 equals $650.00 plus 20 hours times $24.38 equals $487.60 for a total of $1137.60, less $975.00 received equals $162.60).

## C.     Plaintiff Velez

84.     The Plaintiff Velez was hired by Andel's in September 2000.

85.     The Plaintiff Velez was employed by Andel's for approximately thirteen years.

86.     The Plaintiff Velez was Andel's cook.

87.     The Plaintiff Velez was Andel's dishwasher.

88.     The Plaintiff Velez was Andel's porter.

89.     From September 2000 to November 2012, the Plaintiff Velez worked from 7:30 a.m. to 6:30 p.m. six days per week, and until 5:30 p.m. on Sundays.

90.     From November 2012 to July 2013, the Plaintiff Velez worked from 7:30 a.m. to 6:30 p.m. four days per week, and until 5:30 p.m. on Sundays.

91.     From July 2013 to December 2013 the Plaintiff Velez worked from 7:30 a.m. to 6:30 p.m. five days per week, and until 5:30 p.m. on Sundays.

92.     From November 2012 to July 2013, the Plaintiff Velez worked ten-and-a-half (10½ hours) per day, for a total of forty-two (42) hours per week.

93.     From September 2000 to November 2012, the Plaintiff Velez worked ten-and-a-half (10½ hours) per day, for a total of sixty-three (63) hours per week.

94.     From November 2012 to July 2013, the Plaintiff Velez worked ten-and-a-half (10½ hours) per day, for a total of forty-two (42) hours per week.

95.     From July 2013 to December 2013 the Plaintiff Velez worked ten-and-a-half (10½ hours) per day, for a total of fifty-two and a half (52½) hours per week.

96.     The Plaintiff Velez received a half hour off for a meal period every day.

97.     The Plaintiff Velez worked approximately forty-nine (49) weeks per year.

98.     From 2000 to 2002, the Plaintiff Velez was paid $500 per week.

99.     From 2002 to 2004, the Plaintiff Velez was paid $600 per week.

100.    From 2004 to 2008, the Plaintiff Velez was paid $650 per week.

101.    When the Plaintiff Velez worked four days a week, the Plaintiff Velez was paid $335.00 per week.

102.    When the Plaintiff Velez worked five days a week the Plaintiff Velez was paid $550.00 per week.

103.    When the Plaintiff Velez worked six days a week the Plaintiff Velez was paid $685.00 per week.

104.    For the week beginning December 1, 2013 the Plaintiff Velez was paid $225 by check and $325.00 in cash for a total of $550.00.

105.    For the week beginning December 1, 2013, the Plaintiff Velez worked fifty-two and a half (52½) hours, less three hours for lunch leaving forty-nine and a half (49½) compensable hours of employment for Andel's.

106.    Based upon forty-nine and a half (49½) hours worked in the week beginning December 1, 2013, the Plaintiff Velez was paid an hourly rate of $11.11 per hour.

107.    For the week beginning December 1, 2013, the Plaintiff Velez's overtime rate was $16.67.

108.    For the week beginning December 1, 2013, the Plaintiff Orozco is still due and owing $227.84 (40 hours times $11.11 equals $444.44 plus 20 hours times $16.67 equals $333.40 for a total of $777.84, less $550.00 received equals $227.84).

**D.    Plaintiff Cruz**

109.    The Plaintiff Cruz was hired by Andel's in May 2007

110.    The Plaintiff Cruz had been employed by Andel's for approximately six-and-a-half years.

111.    The Plaintiff Cruz was Andel's dishwasher.

112.    The Plaintiff Cruz was Andel's porter.

113.    The Plaintiff Cruz was Andel's cook.

114.    The Plaintiff Cruz was Andel's counterman.

115.    The Plaintiff Cruz received a half hour off for a meal period every day.

116.    From May 2007 to October 2012, the Plaintiff Cruz worked from 7:30 a.m. to 6:30 p.m. six days per week and until 5:30 p.m. on Sundays.

117.    From May 2007 to October 2012, the Plaintiff Cruz worked ten-and-a-half hours per day, for a total of sixty five (65) hours per week.

118.    From November 2012 to May 2013, the Plaintiff Cruz worked from 7:30 a.m. to 6:30 p.m. six days per week, and until 5:30 p.m. on Sundays.

119.    From November 2012 to May 2013, the Plaintiff Cruz had worked ten-and-a-half (10½ hours) per day for a total of seventy-three-and-a-half (73½) hours a week.

120.    From May 2013 to December 2013, the Plaintiff Cruz worked from 7:30 a.m. to 6:30 p.m. six days per week.

121.    From May 2013 to December 2013, the Plaintiff Cruz worked ten-and-a-half hours per day, for a total of sixty five (65) hours per week.

122.    The Plaintiff Cruz worked approximately forty-nine (49) weeks per year.

123.    From May 2007 to May 2009, the Plaintiff Cruz received $550 in wages on a weekly basis.

124.    From May 2009 to December 2013, the Plaintiff Cruz received $600 in wages per week.

125.    The Plaintiff Cruz was always paid in cash and received no tax filing information from his employer, including but not limited to an IRS W-2 form.

126.    For the week beginning December 1, 2013 the Plaintiff Cruz was paid $600.00 in cash.

127.    Based upon sixty hours worked in the week beginning December 1, 2013, the Plaintiff Cruz was paid an hourly rate of $10.00.

128.    For the week beginning December 1, 2013 the Plaintiff Cruz's overtime rate was $15.00 per hour.

129.    For the week beginning December 1, 2013, the Plaintiff Cruz is still due and owing $100.00 (40 hours times $10.00 equals $400.00 plus 20 hours times $15.00 equals $300.00 for a total of $700.00, less $600.00 received equals $100.00).

## AS AND FOR A FIRST CAUSE OF ACTION
### Failure to Pay Overtime Wages -- FLSA

130.    Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were fully set forth against herein.

131.    Plaintiff Orozco consents in writing to be a party to this Action under 29 U.S.C. § 216(b).  *See,* **Exhibit A,** a copy of the Plaintiff Orozco's written consent.

132.    Plaintiff Velez consents in writing to be a party to this Action under 29 U.S.C. § 216(b).  *See,* **Exhibit B,** a copy of the Plaintiff Velez's written consent.

133.    Plaintiff Cruz consents in writing to be a party to this Action under 29 U.S.C. § 216(b).  *See,* **Exhibit C,** a copy of the Plaintiff Cruz's written consent.

134.    The Plaintiff Orozco regularly worked in excess of forty (40) hours per workweek.

135.    The Plaintiff Velez regularly worked in excess of forty (40) hours per workweek.

136.    The Plaintiff Cruz regularly worked in excess of forty (40) hours per workweek.

137.    At all times relevant Andel's willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Orozco the required overtime rates for hours worked in excess of forty (40) hours per workweek.

138.   At all times relevant Andel's willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Velez the required overtime rates for hours worked in excess of forty (40) hours per workweek.

139.   At all times relevant Andel's willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Cruz the required overtime rates for hours worked in excess of forty (40) hours per workweek.

140.   Plaintiff Orozco seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided for in the Fair Labor Standards Act for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper against Andel's.

141.   Plaintiff Velez seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided for in the Fair Labor Standards Act for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper against Andel's.

142.   Plaintiff Cruz seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided for in the Fair Labor Standards Act for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper against Andel's.

143.   Because Andel's violations of the Fair Labor Standards Act has been willful, and because Andel's failed to post notices required by the Fair Labor Standards Act, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least six-year N.Y. Labor Law statute of limitations period.

144.   At all times relevant the Defendant Randy willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Orozco the required overtime rates for hours worked in excess of forty (40) hours per workweek.

145.    At all times relevant the Defendant Randy willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Velez the required overtime rates for hours worked in excess of forty (40) hours per workweek.

146.    At all times relevant the Defendant Randy willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Cruz the required overtime rates for hours worked in excess of forty (40) hours per workweek.

147.    Plaintiff Orozco seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided for in the Fair Labor Standards Act for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper against the Defendant Randy.

148.    Plaintiff Velez seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided for in the Fair Labor Standards Act for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper against the Defendant Randy.

149.    Plaintiff Cruz seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided for in the Fair Labor Standards Act for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper against the Defendant Randy.

150.    Because the Defendant Randy's violations of the Fair Labor Standards Act has been willful, and because the Defendant Randy failed to post notices required by the Fair Labor Standards Act, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least six-year N.Y. Labor Law statute of limitations period.

151.    At all times relevant the Defendant Jonathan willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Orozco the required overtime rates for hours worked in excess of forty (40) hours per workweek.

152.   At all times relevant the Defendant Jonathan willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Velez the required overtime rates for hours worked in excess of forty (40) hours per workweek.

153.   At all times relevant the Defendant Jonathan willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Cruz the required overtime rates for hours worked in excess of forty (40) hours per workweek.

154.   Plaintiff Orozco seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided for in the Fair Labor Standards Act for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper against the Defendant Jonathan.

155.   Plaintiff Velez seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided for in the Fair Labor Standards Act for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper against the Defendant Jonathan.

156.   Plaintiff Cruz seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided for in the Fair Labor Standards Act for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper against the Defendant Jonathan.

157.   Because the Defendant Jonathan's violations of the Fair Labor Standards Act has been willful, and because the Defendant Jonathan failed to post notices required by the Fair Labor Standards Act, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least six-year N.Y. Labor Law statute of limitations period.

## AS AND FOR A SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages – N.Y. Labor Law

158.   Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were fully set forth against herein.

159.   It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

160.   Throughout the limitations period, Andel's willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Orozco at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

161.   Throughout the limitations period, Andel's willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Velez at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

162.   Throughout the limitations period, Andel's willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Cruz at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

163.   As a direct and proximate result of Andel's unlawful conduct, the Plaintiff Orozco has sustained damages, including loss of earnings, in an amount to be determined at trial as against Andel's.

164.   As a direct and proximate result of Andel's unlawful conduct, the Plaintiff Velez has sustained damages, including loss of earnings, in an amount to be determined at trial as against Andel's.

165.   As a direct and proximate result of Andel's unlawful conduct, the Plaintiff Cruz has sustained damages, including loss of earnings, in an amount to be determined at trial as against Andel's.

166.   Plaintiff Orozco seeks damages in the amount of his unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to the N.Y. Labor Law, and such other legal and equitable relief as this Court deems just and proper as against Andel's.

167.   Plaintiff Velez seeks damages in the amount of his unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to the N.Y. Labor Law, and such other legal and equitable relief as this Court deems just and proper as against Andel's.

168.   Plaintiff Cruz seeks damages in the amount of his unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to the N.Y. Labor Law, and such other legal and equitable relief as this Court deems just and proper as against Andel's.

169.   Throughout the limitations period, the Defendant Randy willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Orozco at the required overtime rates for hours worked in excess of forty (40) hours per workweek as against the Defendant Randy.

170.   Throughout the limitations period, the Defendant Randy's willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Velez at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

171.   Throughout the limitations period, the Defendant Randy's willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Cruz at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

172.   As a direct and proximate result of the Defendant Randy's unlawful conduct, the Plaintiff Orozco has sustained damages, including loss of earnings, in an amount to be determined at trial as against the Defendant Randy.

173.   As a direct and proximate result of the Defendant Randy's unlawful conduct, the Plaintiff Velez has sustained damages, including loss of earnings, in an amount to be determined at trial as against the Defendant Randy.

174.   As a direct and proximate result of the Defendant Randy's unlawful conduct, the Plaintiff Cruz has sustained damages, including loss of earnings, in an amount to be determined at trial as against the Defendant Randy.

175.   Plaintiff Orozco seeks damages in the amount of his unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to the N.Y. Labor Law, and such other legal and equitable relief as this Court deems just and proper as against the Defendant Randy.

176.   Plaintiff Velez seeks damages in the amount of his unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to the N.Y. Labor Law, and such other legal and equitable relief as this Court deems just and proper as against the Defendant Randy.

177.   Plaintiff Cruz seeks damages in the amount of his unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to the N.Y. Labor Law, and such other legal and equitable relief as this Court deems just and proper as against the Defendant Randy.

178.   Throughout the limitations period, the Defendant Jonathan willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Orozco at the required overtime rates for hours worked in excess of forty (40) hours per workweek as against the Defendant Jonathan.

179.    Throughout the limitations period, the Defendant Jonathan's willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Velez at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

180.    Throughout the limitations period, the Defendant Jonathan's willfully, regularly, repeatedly and knowingly failed to pay Plaintiff Cruz at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

181.    As a direct and proximate result of the Defendant Jonathan's unlawful conduct, the Plaintiff Orozco has sustained damages, including loss of earnings, in an amount to be determined at trial as against the Defendant Jonathan.

182.    As a direct and proximate result of the Defendant Jonathan's unlawful conduct, the Plaintiff Velez has sustained damages, including loss of earnings, in an amount to be determined at trial as against the Defendant Jonathan.

183.    As a direct and proximate result of the Defendant Jonathan's unlawful conduct, the Plaintiff Cruz has sustained damages, including loss of earnings, in an amount to be determined at trial as against the Defendant Jonathan.

184.    Plaintiff Orozco seeks damages in the amount of his unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to the N.Y. Labor Law, and such other legal and equitable relief as this Court deems just and proper as against the Defendant Jonathan.

185.    Plaintiff Velez seeks damages in the amount of his unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to the N.Y. Labor Law, and such other legal and equitable relief as this Court deems just and proper as against the Defendant Jonathan.

186.    Plaintiff Cruz seeks damages in the amount of his unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to the N.Y. Labor Law, and such other legal and equitable relief as this Court deems just and proper as against the Defendant Jonathan.

## AS AND FOR A THIRD CAUSE OF ACTION
### Failure to Pay Premium For Work Past Ten Hours a Day – N.Y. Labor Law

187.    Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were fully set forth against herein.

188.    Plaintiff Orozco regularly worked more than ten (10) hours in a workday.

189.    Plaintiff Velez regularly worked more than ten (10) hours in a workday.

190.    Plaintiff Cruz regularly worked more than ten (10) hours in a workday.

191.    Throughout the limitations period, Andel's willfully and intentionally failed to compensate the Plaintiff Orozco one hour's pay at the basic New York minimum hourly wage rate for each day that he worked in excess of ten (10) hours, as required by the N.Y. Labor Law.

192.    Throughout the limitations period, Andel's willfully and intentionally failed to compensate the Plaintiff Velez one hour's pay at the basic New York minimum hourly wage rate for each day that he worked in excess of ten (10) hours, as required by the N.Y. Labor Law.

193.    Throughout the limitations period, Andel's willfully and intentionally failed to compensate the Plaintiff Cruz one hour's pay at the basic New York minimum hourly wage rate for each day that he worked in excess of ten (10) hours, as required by the N.Y. Labor Law.

194.    Throughout the limitations period, the Defendant Randy willfully and intentionally failed to compensate the Plaintiff Orozco one hour's pay at the basic New York

minimum hourly wage rate for each day that he worked in excess of ten (10) hours, as required by the N.Y. Labor Law.

195.    Throughout the limitations period, the Defendant Randy willfully and intentionally failed to compensate the Plaintiff Velez one hour's pay at the basic New York minimum hourly wage rate for each day that he worked in excess of ten (10) hours, as required by the N.Y. Labor Law.

196.    Throughout the limitations period, the Defendant Randy willfully and intentionally failed to compensate the Plaintiff Cruz one hour's pay at the basic New York minimum hourly wage rate for each day that he worked in excess of ten (10) hours, as required by the N.Y. Labor Law.

197.    Throughout the limitations period, the Defendant Jonathan willfully and intentionally failed to compensate the Plaintiff Orozco one hour's pay at the basic New York minimum hourly wage rate for each day that he worked in excess of ten (10) hours, as required by the N.Y. Labor Law.

198.    Throughout the limitations period, the Defendant Jonathan willfully and intentionally failed to compensate the Plaintiff Velez one hour's pay at the basic New York minimum hourly wage rate for each day that he worked in excess of ten (10) hours, as required by the N.Y. Labor Law.

199.    Throughout the limitations period, the Defendant Jonathan willfully and intentionally failed to compensate the Plaintiff Cruz one hour's pay at the basic New York minimum hourly wage rate for each day that he worked in excess of ten (10) hours, as required by the N.Y. Labor Law.

200.    As a direct and proximate result of Andel's unlawful conduct, Plaintiff Orozco has sustained damages, including loss of earnings, in an amount to be established at trial, as against Andel's.

201.    As a direct and proximate result of Andel's unlawful conduct, Plaintiff Velez has sustained damages, including loss of earnings, in an amount to be established at trial, as against Andel's.

202.    As a direct and proximate result of Andel's unlawful conduct, Plaintiff Cruz has sustained damages, including loss of earnings, in an amount to be established at trial, as against Andel's.

203.    As a direct and proximate result of the Defendant Randy's unlawful conduct, Plaintiff Orozco has sustained damages, including loss of earnings, in an amount to be established at trial, as against the Defendant Randy.

204.    As a direct and proximate result of the Defendant Randy's unlawful conduct, Plaintiff Velez has sustained damages, including loss of earnings, in an amount to be established at trial, as against the Defendant Randy.

205.    As a direct and proximate result of the Defendant Randy's unlawful conduct, Plaintiff Cruz has sustained damages, including loss of earnings, in an amount to be established at trial, as against the Defendant Randy.

206.    As a direct and proximate result of the Defendant Jonathan's unlawful conduct, Plaintiff Orozco has sustained damages, including loss of earnings, in an amount to be established at trial, as against the Defendant Jonathan.

207.    As a direct and proximate result of the Defendant Jonathan's unlawful conduct, Plaintiff Velez has sustained damages, including loss of earnings, in an amount to be established at trial, as against the Defendant Jonathan.

208.    As a direct and proximate result of the Defendant Jonathan's unlawful conduct, Plaintiff Cruz has sustained damages, including loss of earnings, in an amount to be established at trial, as against the Defendant Jonathan.

209.    Plaintiff Orozco seeks damages in the amount of his unpaid spread of hours pay, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to N.Y. Labor Law, and such other legal and equitable relief as this Court deems just and proper.

210.    Plaintiff Velez seeks damages in the amount of his unpaid spread of hours pay, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to N.Y. Labor Law, and such other legal and equitable relief as this Court deems just and proper.

211.    Plaintiff Cruz seeks damages in the amount of his unpaid spread of hours pay, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to N.Y. Labor Law, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE,** the Plaintiffs respectfully request judgment as follows: (a) an award of damages, according to proof, including Fair Labor Standards Act and N.Y. Labor Law liquidated damages, and interested to be paid by the Defendants; (b) costs of the Action incurred; (c) attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Labor Law § 663 and other applicable statutes; (d) pre-judgment and post-judgment interest, as provided by law; and (e) such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated:    Carle Place, New York
          April 1, 2014

                                        Respectfully submitted,

                                        THE SCHER LAW FIRM, LLP


                                        Austin Graff (AG-0096)
                                        *Attorneys for Plaintiffs*
                                        One Old Country Road, Suite 385
                                        Carle Place, New York 11514
                                        T: (516) 746-5040
                                        F: (516) 747-9100
                                        E: agraff@scherlawfirm.com